[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cleveland Professional Football, L.L.C. v. Buehrer,* Slip Opinion No. 2014-Ohio-3615.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-3615

THE STATE EX REL. CLEVELAND PROFESSIONAL FOOTBALL, L.L.C., APPELLEE,

*v.* BUEHRER, ADMR., APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cleveland Professional Football, L.L.C. v. Buehrer,* Slip Opinion No. 2014-Ohio-3615.]**

*Workers' compensation—Successor in interest—Experience rating—Court of appeals' judgment granting writ of mandamus affirmed.*

(No. 2013-0234—Submitted May 27, 2014—Decided August 27, 2014.)

APPEAL from the Court of Appeals for Franklin County, No. 11AP-428, 2012-Ohio-6020.

_____

**Per Curiam**.

{¶ 1} This is a dispute over the Bureau of Workers' Compensation's decision to transfer the experience rating of an arena football team known as the Cleveland Gladiators from a former owner of the team to a new owner of the team.

**{¶ 2}** Because the bureau's order did not consider the evidence regarding the employment of football players or coaches by each entity, the Tenth District Court of Appeals determined that the bureau had abused its discretion when it transferred the entire experience rating of the former owner. We agree. Consequently, we affirm the judgment of the court of appeals, and we issue a writ of mandamus ordering the bureau to vacate its order transferring the entire experience rating of the former owner to the new owner and to issue a new order that determines the experience rating based only on the portion of the business that was transferred.

*Facts*

**{¶ 3}** Cleveland AFL, L.L.C. ("the former owner"), was an arena football team owned by Jim Ferraro that was part of the Arena Football League. In 2009, the Arena Football League suspended operations and eventually filed bankruptcy proceedings. An investor group known as Arena Football One bought the assets of the defunct league and formed a new league.

**{¶ 4}** Jim Ferraro then formed Cleveland Professional, L.L.C. ("the new owner"), which is affiliated with the new league. According to Ferraro, his new company is different than the old one; in particular, the new owner does not employ the Gladiators' players and coaches. The players and coaches are now employed by the new league.

**{¶ 5}** The new owner applied for workers' compensation coverage. On May 21, 2010, the bureau notified the new owner that the bureau had determined that it was a successor employer for workers' compensation purposes and that it was responsible for the financial rights and obligations of the old owner. The bureau stated that it would base the new owners' premium rate on the experience of the former owner.

**{¶ 6}** On July 12, 2010, the new owner filed a protest and requested that the bureau hold a hearing to determine whether it was a successor to the former

2

owner for experience-rating purposes. Following a hearing on October 6, 2010, an adjudicating committee of the bureau issued an order denying the protest. The committee made the following findings of fact and conclusions of law:

> Based on the testimony at the hearing and the materials submitted with the protest, the Adjudication Committee DENIES the employer's protest to the transfer/combination. The Committee finds that the claims against Cleveland AFL LCC were originally allowed against a [professional employer organization ("PEO")] and would have remained so but for the fact that the PEO went out of business. Under Ohio Administrative Code 4123-17-15 those claims were then transferred to the PEO[1] client-employer, Cleveland AFL LCC. The new employer, Cleveland Professional Football League, also uses a PEO to cover its players for purposes of workers compensation. Thus, the business model used by the old and new companies is the same. Both companies share the same franchise name, logo, method of covering players and ownership. BWC correctly transferred and/or combined the predecessor's experience and/or rights and/or obligations to the subsequent Employer under the Code.

{¶ 7} The new owner appealed. On February 23, 2011, the administrator's designee issued a final order that affirmed the decision of the adjudicating committee with one correction:

---

[1] A PEO is an entity that enters into an agreement with a client employer to coemploy part of the client's workforce for workers' compensation purposes. As such, the PEO must maintain workers' compensation coverage, pay all workers' compensation premiums, and manage all claims, filings, and related procedures associated with a shared employee in compliance with Chapters 4121 and 4123 of the Revised Code. R.C. 4125.01(D); Ohio Adm.Code 4123-17-15(C)(1) and (D)(7).

Based on the testimony and other evidence presented at the hearing, the Administrator's Designee affirms the Adjudicating Committee's findings, decision, and rationale set forth in the order. However, it is noted that, contrary to what is stated in the Adjudicating Committee order, the "players" are not covered by a PEO under contract with the successor employer. It is only the front office staff that is covered by the PEO agreements.

{¶ 8}  The new owner filed a complaint for a writ of mandamus alleging that the bureau had abused its discretion by finding that it was a successor to the former owner for workers' compensation purposes and by failing to adequately explain its decision in writing. The court referred the matter to a magistrate who determined that the evidence supported the bureau's conclusion that the new owner was a successor employer. 2012-Ohio-6020, ¶ 64. However, the magistrate decided that the bureau abused its discretion when it transferred the entire experience of the former owner. *Id.* The magistrate recommended that the court issue a writ of mandamus ordering the bureau to vacate its previous order and issue a new order that expressly sets forth what portion of the former owner's experience is being charged to the new owner and clearly explains its decision concerning the new owner's obligations.

{¶ 9}  The bureau filed objections to the magistrate's decision.

{¶ 10} The court of appeals concluded, over the bureau's objection, that the evidence supported the magistrate's finding that the bureau had determined that the new owner was the successor to the former owner. Id. at ¶ 4. The appellate court also agreed with the magistrate's analysis that if only a portion of the former owner's business was transferred to the new owner, then pursuant to Ohio Adm.Code 4123-17-02(B)(3), the experience rating is transferred in

4

proportion to the business that was transferred. *Id*. at ¶ 6. The court granted the new owner's request for a writ and directed the bureau to issue a new order determining the experience rating based only on the portion of the former owner's business that was transferred to the new owner. *Id*. at ¶ 9.

**{¶ 11}** This matter is before the court on the bureau's appeal as of right.

*Legal Analysis*

**{¶ 12}** The issue before us is whether the evidence supports the bureau's decision to transfer the entire experience rating of the former owner or whether only a portion of it should be transferred for purposes of determining the premium rate assigned to the new owner.

**{¶ 13}** The bureau uses the concept of "experience rating" to determine the premium rates of an employer. *State ex rel. K & D Group, Inc. v. Buehrer*, 135 Ohio St.3d 257, 2013-Ohio-734, 985 N.E.2d 1270, ¶ 9. "In experience rating, the employer's past claims history, or experience, is consulted to compute a rate that produces premiums sufficient to pay future claims." *State ex rel. Crosset Co., Inc. v. Conrad*, 87 Ohio St.3d 467, 473, 721 N.E.2d 986 (2000).

**{¶ 14}** As it was required to do under R.C. 4123.32, the bureau established rules concerning premium "rates to be applied where one employer takes over the occupation or industry of another * * *, and the administrator may require that if any employer transfers a business in whole or in part * * *, the successor in interest shall assume, in proportion to the extent of the transfer, * * * the employer's account." Ohio Adm.Code 4123-17-02(B) permits the bureau to transfer the experience rating from a predecessor employer to a successor employer when there has been a transfer of business either in whole or in part. There is no dispute that the evidence supported the finding that the new owner was a successor to the former owner. Instead, the crux of this appeal is whether the former owner transferred its business in whole or in part to the new owner.

**{¶ 15}** The bureau maintains that the former owner had assigned the risk experience of its football players to a PEO, while the new owner's football players are employees of the new league; thus, neither entity had or would have any risk experience for its football players. The bureau contends that the court should defer to the bureau's expertise on the transfer of risk experience and that because the risk of both teams was equivalent, the bureau's transfer of the entire experience rating was proper.

**{¶ 16}** On the other hand, the new owner argues that the former owner had employed the coaches and players and had paid into the state fund for workers' compensation coverage for those employees while the new owner's coaches and players are employed by and covered by the new league.[2] The new owner submitted a letter to the bureau dated October 12, 2010, after the hearing before the adjudicating committee, in which it disputed the bureau's allegation that the former owner had entered into an agreement with a PEO named Pay Source. The new owner submitted invoices from Pay Source demonstrating that Pay Source had merely processed payroll for the nonplayer employees of the former owner. The new owner maintains that the bureau's orders are not supported by the facts and are devoid of any serious analysis.

**{¶ 17}** The appellate court correctly determined that the bureau did not appear to have considered the arguments or evidence regarding whether the football players and coaches associated with the former owner were employed by a PEO and whether the players and coaches associated with the new owner were employed by the new league. We agree that the bureau's failure to address the evidence that the former owner employed the players and the new owner did not or adequately explain its decision to transfer the entire experience rating to the new owner was an abuse of discretion.

---

[2] The new owner provided evidence of a workers' compensation claim filed by a football player in 2010 in which the bureau determined that the employer was the new league, not the new owner.

{¶ 18} Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., not participating.

_____

Kelley & Ferraro, L.L.P., and Shawn M. Acton, for appellee.

Michael DeWine, Attorney General, and John Smart, Assistant Attorney General, for appellant.

_____